

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY MILLER,<br><br>                              Plaintiff,<br><br>v.<br><br>HOTEL AVENIDA – OCEANSIDE CAMP PENDLETON; SOMNATH,<br><br>                              Defendants. | Case No.:  25-CV-1852 JLS (SBC)<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>(ECF No. 8) |

Presently before the Court is Plaintiff Jeremy Miller's Motion for Default Judgment ("Mot.," ECF No. 8).  Defendants Hotel Avenida – Oceanside Camp Pendleton ("Defendant Hotel Avenida") and Somnath (collectively, "Defendants") have failed to respond to the Motion or otherwise appear in this action.  *See generally* Docket.  After reviewing Plaintiff's Motion, the Complaint ("Compl.," ECF No. 1), and weighing the relevant factors, the Court requires additional information to decide the Motion.

Before determining whether to enter default judgment against Defendants, the Court must confirm it has subject matter and personal jurisdiction.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").  Plaintiff carries the burden of establishing jurisdiction.  *See, e.g., Jackson v. Red Rock Credit Sols., LLC,*

No. 22-CV-4471-AGT, 2023 WL 5663218, at *1 (N.D. Cal. Aug. 30, 2023).

First, the Court must first determine that it has subject matter jurisdiction. *See Twitch Interactive, Inc. v. Johnston*, No. 16-CV-03404-BLF, 2019 WL 3387977, at *3 (N.D. Cal. July 26, 2019). Here, the Court has subject matter jurisdiction for the ADA claim under 28 U.S.C. § 1331. Further, the Court exercises supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). *See Macias v. Fasail*, No. 19-CV-728-LHK, 2021 WL 2719297, at *4 (N.D. Cal. July 1, 2021) (exercising supplemental jurisdiction at default judgment over an Unruh Civil Rights Act claim and a violation of CDPA based on an underlying ADA violation).

Second, the Court must also have personal jurisdiction over the defendants, or else entry of default judgment is void. *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973). When a default judgment is sought over an absent defendant, a district court "has an affirmative duty" to determine whether it has personal jurisdiction over that defendant. *In re Tuli,* 172 F.3d at 712. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4 provides that service may be effectuated in accordance with state law. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). "Under California law, a corporation or limited liability company can be served by delivering the summons and complaint to one of an enumerated list of individuals, including the designated agent for service of process or the general manager of the entity." *Johnson v. Garlic Farm Truck Ctr. LLC*, 20-CV-3871-BLF, 2021 WL 2457154, at *3 (N.D. Cal. June 16, 2021) (first citing Cal. Civ. Proc. Code § 416.10; and then citing *Vasic v. Pat. Health, L.L.C.*, No. 13-CV-849 AJB (MDD), 2013 WL 12076475, at *2 (S.D. Cal. Nov. 26, 2013)).

The Hotel Avenida is owned by Defendant Somnath, a California corporation. Mot. at 63; Exs. 4–5. Somnath's Registered Agent for Service of Process is Umadevi Neil Dhulia, 8295 Sanctuary Drive, Corona, California 92883. *Id.* Ex. 5. Plaintiff served Somnath by delivering copies of the summons and Complaint to the registered agent

Umadevi Neil Dhulia at 8295 Sanctuary Drive, Corona, California 92883. *See* ECF No. 4. Therefore, the Court is satisfied that Defendant Somnath was properly served.[1]

However, regarding Defendant Hotel Avenida, Plaintiff alleges that Defendant Hotel Avenida and Somnath are the "owners and operators of Hotel Avenida." Mot. at 11, 16 ("Defendant Hotel Avenida – Oceanside Camp Pendleton is the operator of the Hotel Avenida."). However, neither the Complaint nor the Motion provide the business form of Defendant Hotel Avenida. For example, in the Motion, Plaintiff references cases involving limited liability companies being served through substituted service. *See* Mot. at 18 (citing *Vasic*, 2013 WL 12076475, at *2). Plaintiff never alleges that Defendant Hotel Avenida is a limited liability company, rather referring to it generally as an "entity." *Id.*

Under California law, a corporation or limited liability can be served by delivering the summons and complaint to one of the following: (1) the person designated as agent for service of process, Cal. Code Civ. Proc. § 416.10(a); (2) the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process," *id.* § 416.10(b); or (3) an agent of the corporation or the California Secretary of State pursuant to § 416.10(d). In lieu of personal service to one of the individuals listed above, substitute service may be effected "by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20.

---

[1] Plaintiff incorrectly states that Somnath was served under Federal Rule of Civil Procedure 4(e)(2)(A) (service on an individual). This is inapplicable because Somnath is a corporation. *See* Mot. Ex. 5. Nonetheless, Somnath was properly served under Federal Rule of Civil Procedure 4(h)(1)(A) (serving a corporation).

25-CV-1852 JLS (SBC)

Plaintiff alleges that Defendant Hotel Avenida was served on July 30, 2025, through substituted service—leaving a copy of the complaint and summons "during regular business hours with a person at charge" at the Hotel Avenida, 1403 Mission Avenue, Oceanside, California 92058. Mot. at 18. Plaintiff also mailed the documents by first-class mail with prepaid postage to 1403 Mission Avenue, Oceanside, California 92058. *Id.* at 19. However, by failing to establish what kind of entity Defendant Hotel Avenida is, Plaintiff failed to demonstrate that 1403 Mission Avenue, Oceanside, California 92058 is the "office" of a person described in § 416.10 who is properly designated to receive service for a business entity. *See BTL Indus., Inc. v. Beauty by Izzy*, No. 23-CV-1105-MCS-MAA, 2023 WL 11197098, at *1 (C.D. Cal. Nov. 13, 2023) (requiring supplemental briefing where it was unclear what business form one of the defendants was).

Therefore, without further information on the kind of business entity Defendant Hotel Avenida is and who its registered agent of service is (or another qualified individual to receive service under § 416.10), the Court is unable to determine whether service was proper. Plaintiff **SHALL** supplement his briefing on this issue providing the Court with further information on how service as to Defendant Hotel Avenida was proper in this matter. This briefing is due <u>twenty-one (21) days</u> from the date this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated: May 1, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge