UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY MILLER,<br><br>                              Plaintiff,<br><br>v.<br><br>HOTEL AVENIDA – OCEANSIDE CAMP PENDLETON; SOMNATH,<br><br>                              Defendants. | Case No.:  25-CV-1852 JLS (SBC)<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>(ECF No. 8) |

Presently before the Court is Plaintiff Jeremy Miller's Motion for Default Judgment ("Mot.," ECF No. 8).  Defendants Hotel Avenida – Oceanside Camp Pendleton ("Defendant Hotel Avenida") and Somnath (collectively, "Defendants") have failed to respond to the Motion or otherwise appear in this action.  *See generally* Docket.  After reviewing Plaintiff's Motion, the Complaint ("Compl.," ECF No. 1), and weighing the relevant factors, the Court requires additional information to decide the Motion.

The Court previously ordered supplemental briefing regarding service of process, ECF No. 12, which Plaintiff provided, ECF No. 13.  However, before determining whether to enter default judgment against Defendants, the Court must also confirm it has personal jurisdiction.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the

parties."). Plaintiff carries the burden of establishing jurisdiction. *See, e.g.*, *Jackson v. Red Rock Credit Sols., LLC*, No. 22-CV-4471-AGT, 2023 WL 5663218, at *1 (N.D. Cal. Aug. 30, 2023).

The Court requires additional information to determine whether there is personal jurisdiction over Defendant Hotel Avenida. Plaintiff does not address personal jurisdiction in their Motion or Complaint. *See generally* Mot.; Compl. The only reference Plaintiff makes to personal jurisdiction over Defendant Hotel Avenida is in their supplemental briefing regarding service where Plaintiff concludes that, because service was proper under California Code of Civil Procedure section 415.95, the Court has personal jurisdiction. ECF No. 13 at 4. Plaintiff has done extensive research to determine the business entity of Defendant Hotel Avenida—with no success. *See id.* However, Plaintiff has provided evidence that Defendant Somnath is the owner of Hotel Avenida, located at 1403 Mission Ave, Oceanside, CA, 92058, and has demonstrated that the Court has general personal jurisdiction over Defendant Somnath based on its state of incorporation being California. Mot. Exs. 4, 5.

Plaintiff is required to **SHOW CAUSE** why Defendant Hotel Avenida is a proper defendant in this matter. Plaintiff **SHALL PROVIDE** supplemental briefing addressing whether Defendant Hotel Avenida is a separate legal entity or whether Defendant Hotel Avenida is simply the trade name for Defendant Somnath's motel business. If Plaintiff concludes that Defendant Hotel Avenida is a separate legal entity and a proper named defendant in this matter, then Plaintiff is **ORDERED** to provide supplemental briefing addressing why personal jurisdiction is proper over Defendant Hotel Avenida. This briefing is due <u>fourteen (14) days</u> from the date this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated: May 21, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-1852 JLS (SBC)